IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KASHI NAHI TIWARI, | : | 4:06-CV-01082 |
| | : | |
| Plaintiff, | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| BOARD OF GOVERNORS OF THE | : | |
| PENNSYLVANIA STATE SYSTEM | : | |
| OF HIGHER EDUCATION, et al. | : | |
| | : | |
| Defendants. | : | |

**ORDER**

March 1, 2007

By order issued January 19, 2007, as corrected by a further order issued that same day, we directed the plaintiff to file (1) an amended complaint, and (2) responses to defendants' motions to dismiss by February 7, 2007.  In our order, we warned plaintiff that failure to timely file would result in dismissal of the entire action without prejudice.  Nevertheless, plaintiff failed to comply, and on February 8, 2007, we dismissed plaintiff's action, without prejudice, for failure to prosecute and failure to comply with a court order.  Now before the court are plaintiff's two motions requesting we vacate our February 8th order.  For the reasons below, we will uphold our February 8th order and deny plaintiff's request.

1

**BACKGROUND:**

On May 26, 2006, plaintiff filed, pro se, this instant matter alleging several federal and state law claims against defendants.  Plaintiff is a former associate professor at Bloomsburg University of Pennsylvania ("Bloomsburg University").  He alleges he was "wrongfully terminated in retaliation for his opposition to Defendants' unlawful discriminatory employment practices."  (Complaint, Doc. Rec. No. 1).  In addition to the allegations in his complaint, plaintiff attached a thirty-three page exhibit entitled "Illegal Employment Practices at Bloomsburg University of Pennsylvania of the Pennsylvania State System of Higher Education," which appears to provide additional details regarding defendants' alleged misconduct.  On June 16, 2006, plaintiff filed an amendment to his original complaint, but did not indicate whether the amendment was intended to replace his original complaint, or act as a mere supplement.

On May 31, 2006, we issued the court's "Standard Practice Order in Pro Se Plaintiff Cases," which informed the parties of their respective briefing and filing responsibilities.

After service was effectuated, defendant Association of Pennsylvania State College and University Faculties ("APSCUF") timely filed its Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss, or in the alternative, Federal Rule of

Civil Procedure 12(e) Motion for More Definite Statement.  The remaining

defendants, which we shall call the "Commonwealth Defendants," filed a similar

motion, requesting that most, but not all, of plaintiff's claims be dismissed.

APSCUF filed its supporting brief November 22, 2006, and the Commonwealth

Defendants filed their brief December 11, 2006.

Pursuant to Local Rule 7.6 as to which plaintiff was notified in our standard

practice order, plaintiff had fifteen days after service of the defendants' briefs to

file a response.  An additional three days are allowed under Fed.R.Civ.P. 6(e).

Therefore, under the rules plaintiff had to respond to APSCUF's motion by

December 10, 2006, and to Commonwealth Defendants' motion by December 29,

2006.  Plaintiff failed to respond to either motion.  On January 19, 2007, we

reminded plaintiff of his filing responsibility, and specifically ordered him to file a

response to both motions by February 7, 2007, which was nearly a full two months

after he was initially required to respond to APSCUF.  In addition, because the

filings related to his original complaint were so vague, we directed plaintiff to file

an amended complaint by February 7, 2007 so that the parties and the court could

discern exactly what factual allegations and claims plaintiff intended to allege.  In

our order, we warned plaintiff that failure to comply would result in dismissal of

his entire action, albeit without prejudice.

Despite our court order, plaintiff again failed to respond to defendants' motions, and also failed to file an amended complaint as we ordered.  He also failed to request an extension of time prior to February 7th.  Therefore, on February 8, 2007, we dismissed plaintiff's claim, without prejudice, for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

On February 13th and 15th, plaintiff filed two identical motions.  The first is entitled "Plaintiff's Motion to Vacate the Order of February 8, 2007," and the second is entitled "Plaintiff's Motion for Reconsideration to file an Answer out of time, Default-Judgment, Discovery-Right, and/or Extension-of-Time."  Both motions contain the same exact sections, but are presented in different order in each motion.  Essentially, plaintiff requests we vacate our February 8, 2007 order, reinstate his case, and permit him more time again to respond to defendants' motions and file an amended complaint.  Because of the identical nature of plaintiff's motions, we will treat both as one motion for reconsideration.  On February 27, 2007, APSCUF filed a brief in opposition to plaintiff's request for reconsideration.

**DISCUSSION:**

"The purpose of a motion for reconsideration is to correct manifest errors of

4

law or fact or to present newly discovered evidence." <u>Harsco v. Zlotnicki</u>, 779

F.2d 906, 909 (3d Cir. 1985) (citations omitted), <u>cert. denied</u>, 476 U.S. 1171

(1986).  Therefore, a court may properly grant a party's motion for reconsideration

in any of the following circumstances: (1) the development of an intervening

change in the law, (2) the emergence of new evidence not previously available, or

(3) the need to correct a clear error of law or prevent a manifest injustice.  <u>Max's

Seafood Café ex rel. Lou-Ann Inc. vs. Quinteros</u>, 176 F.3d 669, 677 (3d Cir.

1999).  The granting of a motion to reconsider is an extraordinary remedy and a

court should not do so when the motion is merely a re-styling or rehash of issues

previously presented.  <u>McConocha v. Blue Cross and Blue Shield Mutual of Ohio</u>,

930 F. Supp. 1182, 1184 (N.D. Ohio 1996).

Plaintiff seems to argue that we should vacate our dismissal in order to

prevent manifest injustice.  He states that the court "has denied the Pro-se Plaintiff

a reasonable time to explain his position," and as a result the order is "speedy,

harsh, unreasonably calculated...[and] has unfairly favored the

Defendants/attorney-general, and it has ruthlessly prejudiced Plaintiff."  (Rec. Doc.

Nos. 19 and 20).  Specifically, plaintff argues that he did not have enough time to

comply with our January 19th order because it took him too long to receive mail

from the courthouse in Williamsport, Pennsylvania, which is thousands of miles

away from his mailing address in Berkeley, California.

Plaintiff's argument lacks merit.  He admits that the original order was time stamped for January 19th, and that he did in fact receive it.  Further, he does not suggest that the order was mailed unduly later than normal. Although the distance is in fact significant between our courthouse in Williamsport, Pennsylvania and the plaintiff's mailing address in Berkeley, California, this alone is not a sufficient reason to find plaintiff could not comply with our January 19th order by February 7th.  Plaintiff had more than enough time to comply, and was given more than enough warning of the consequences he faced if he failed to comply.  Nevertheless, he failed to follow our court order.  We also note that plaintiff could have filed for an extension of time before February 7th, but did not do so.

Pursuant to Federal Rule of Civil Procedure 41(b), a court may dismiss an action for failure to prosecute and/or failure to comply with a court order.  A court may do so even if a party is pro se.  See Mackey v. Smith, 2006 WL 680847, at *1 (M.D. Pa. 2006) (unpublished).  Here, plaintiff failed to comply with our January 19th order by February 7th as ordered, and also failed to request an extension of time before February 7th.  Therefore, the court's February 8th order dismissing plaintiff's case without prejudice was justified, and does not result in manifest injustice.  We note for plaintiff's benefit that the matter was dismissed without

prejudice, which means he may re-file this matter if he chooses to do so.[1]

Finally, we note that plaintiff makes other arguments in support of his motion, which range from the merely absurd to downright outrageous. For instance, plaintiff suggests at one point that the mere filing of a motion to dismiss "is an anti-Semitic slap on the faces of White-Americans, Jews, Blacks, and Plainttiff." In a section entitled "Six Million Jews Were Annihilated: Nazis cannot be granted Immunity," the plaintiff equates the defendants with Nazis in an attempt to respond to defendants' immunity arguments raised in their respective motions to dismiss. At one point, the plaintiff inexplicably makes reference to the country's divorce rate, and states that we live "in a society whose males have constantly used and abused their wives...[and] whose males are trading their wives like old-cars every few years with newer-models." These are just a few of the many irrelevant and outlandish statements contained in plaintiff's motion. We call to the plaintiff's attention that we consider such comments as frivolous, and if plaintiff chooses to re-file this matter with the court, we trust he refrains from making similar statements in future filings.

---

[1] He also argues erroneously that because the order correcting our January 19th order was time stamped January 22nd, he is entitled to an extension in time. Our corrective order, however, did not in any way alter the directions we gave plaintiff in our time stamped January 19th order, and therefore it had no substantive effect on plaintiff's filing responsibilities.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.  Plaintiff's "Motion to Vacate the Order of February 8, 2007" and "Motion to

    for Reconsideration to file an Answer out of time, Default-Judgment,

    Discovery-Right, and/or Extension-of-Time" are both considered as one

    Motion for Reconsideration.  (Rec. Doc. Nos. 19 and 20).

2.  Plaintiff's Motion for Reconsideration is denied.

3.  Any appeal from this order will be deemed frivolous, without probable cause

    and not taken in good faith.


                                    ___s/ James F. McClure, Jr._____
                                    James F. McClure, Jr.
                                    United States District Judge